UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD W. HAIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00322-TAB-JMS |
| | ) | |
| CAROLYN COLVIN Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I. Introduction**

Plaintiff Richard W. Haire brings this appeal challenging the denial of his claim for disability benefits. The Court held oral argument on February 17, 2015. As discussed at the argument, this appeal presents two issues: (1) whether the ALJ erred in rejecting Haire's treating physician Dr. Lisa Bledsoe's medical opinion and Dr. James Nicholas' medical opinion; and (2) whether the ALJ's credibility determination was patently wrong. For the reasons set forth below, the Court finds remand unwarranted and affirms the Commissioner's decision.

**II. Background**

Haire applied for a period of disability, disability insurance benefits, and supplemental security income, alleging an onset date beginning August 10, 2009. After Haire's claims were denied initially and on reconsideration, an ALJ held a disability hearing. Ultimately, the ALJ found Haire not to be disabled. At step one (1) the ALJ found that Haire had not engaged in substantial gainful activity since the alleged onset date. At step two (2) the ALJ found Haire's history of right knee tear, history of right hip replacement, degenerative disc disease/mild to

1

moderate stenosis at L5, left wrist fracture, bipolar disorder with obsessive compulsive disorder, and history of substance abuse to be severe impairments. [Filing No. 14-2, at ECF p. 16.] At step three (3) the ALJ found none of Haire's severe impairments met or equaled a listing or combination of listings, and at step four (4), the ALJ concluded that Haire was capable of performing:

> light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except the claimant should never climb ladders, ropes, and scaffolds, and could no more than occasionally climb ramps/stairs, balance, stoop, kneel, crouch, crawl, and bend. Based on his mental impairments the claimant should be limited to 1, 2, or 3 step simple, routine, and repetitive tasks in a work environment involving no public contact and no more than occasional contact with co-workers and supervisors.

[Filing No. 14-2, at ECF p. 19.] Relying on a vocational expert, the ALJ found Haire was not capable of performing past relevant work, and at step five (5), the VE opined that Haire could perform work in the national economy as an assembler, hand packager, and inspector at the light and sedentary exertional levels. [Filing No. 14-2, at ECF p. 25.] Adopting the VE's opinion, the ALJ found Haire capable of performing these jobs in the national economy. [Filing No. 14-2, at ECF p. 25.] The Appeals Council denied Haire's request for review, making the ALJ's decision final. This appeal followed.

## III. Discussion

    *A.    Standard of review*

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *See McKinzey v. Astrue,* 641 F.3d 884, 889 (7th Cir. 2011). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The ALJ is obligated to consider all relevant medical evidence and cannot

2

simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ, however, need not mention every piece of evidence in the record, so long as she builds a logical bridge from the evidence to her conclusion. *Denton*, 596 F.3d at 425. On review, the Court may not reweigh the evidence, decide the facts anew, or substitute its own judgment for that of the Commissioner to decide whether the claimant is disabled. *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001).

  B. *Medical opinions*

Haire asserts that the ALJ erroneously discounted the physician opinions of Drs. Bledsoe and Nicholas. In a February 22, 2012, letter, Dr. Bledsoe opined that Haire was unable to participate in any gainful employment due to "cognitive, physical and emotional impairments, as well as side effects of medication he is using to control his symptoms. His limitations [included] inability to stand, walk or sit or maintain any steady position for more than 30 minutes at the time. His weight lifting carrying or pushing ability should be limited to 5-10 pounds." [Filing No. 14-11, at ECF p. 90.] She also noted that Haire took multiple medications to control his mood, but that he required constant medication adjustments and had substantial difficulty focusing, memorizing, and following multiple step functions. The ALJ afforded no weight to Dr. Bledsoe's opinion because determining whether a claimant has a disability that precludes substantial gainful activity is a task reserved for the Commissioner. Moreover, Dr. Bledsoe did not discuss Haire's substance abuse history, her opinion was inconsistent with Haire's daily

3

living activities and internally inconsistent, and Dr. Bledsoe was not qualified to discuss Haire's mental impairments. [Filing No. 14-2, at ECF p. 22.]

Haire argues that the ALJ's justification for giving Dr. Bledsoe's opinion no weight was illogical, unsupported, and insufficient. According to Haire, the ALJ erroneously cherry-picked daily living activities that were inconsistent with Dr. Bledsoe's opinion, discounted Dr. Bledsoe for failing to discuss Haire's distant history of substance abuse, and relied on her own observations at the hearing as evidence to discount Dr. Bledsoe. The Court disagrees. Under 20 C.F.R § 404.1527(c)(2), an ALJ must give controlling weight to a treating source's opinion if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010). If the treating source opinion is inconsistent or unsupported in the record, the ALJ may still choose to accept it, but if the ALJ rejects the opinion, she must give a good reason. *Schaaf*, 602 F.3d at 875; *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008); 20 C.F.R. § 404.1527(d)(2). An ALJ need not analyze every factor under 20 C.F.R § 404.1527(c)(2) and need only minimally articulate her reasons for discounting a treating physician's opinion. *Kirby v. Colvin,* No. 1:13-cv-1087-TWP-MJD, 2014 WL 4908049, at *6 (S.D. Ind. Sept. 30, 2014); *see Elder v. Astrue,* 529 F.3d 408, 415 (7th Cir. 2008).

The ALJ discounted Dr. Bledsoe's opinion concerning Haire's mental limitations because Dr. Bledsoe was not a mental health specialist. This was not an error as 20 C.F.R § 404.1527(c)(2) requires an ALJ to consider a treating source's specialization when weighing such an opinion. Moreover, Dr. Bledsoe's finding that Haire was not able to perform any substantial gainful activity was not supported by her own records, which showed Haire had a steady gait and no limitations in his range of motion in his hip joints, knee joints, arms, and

shoulders. [Filing No. 14-8, at ECF p. 63; Filing No. 14-10, at ECF p. 87.] Records showed Haire maintained full range of motion with a slightly decreased hand grip in his wrists and that Haire was improving, acted appropriately, and was intelligent. [Filing No. 14-8, at ECF p. 65, 70; Filing No. 14-10, at ECF p. 83, 89, 91.]

Likewise, Haire's counsel conceded at oral argument that Haire continued to abuse substances during the disability period. Medical reports note that he admitted to using drugs in 2011 and in 2012. [Filing No. 14-12, at ECF p. 19, 32.] Haire's daily activities also suggested he was not as limited as Dr. Bledsoe opined, given that he reported he was able to drive, prepare dinner, run errands, attend his son's sporting events, and live independently. [Filing No. 14-2, at ECF p. 55; Filing No. 14-6, at ECF p. 12-15; Filing No. 14-6, at ECF p. 48-51.] While the substance abuse and daily living activities are not factors that the ALJ must consider in weighing a treating physician's opinion, including these as justifications for discounting Dr. Bledsoe's opinion in addition to factors under 20 C.F.R § 404.1527(c)(2) does not warrant remand.

The same is true of the ALJ's observation that Haire was able to sit for fifty minutes without any apparent distress, which contradicted Dr. Bledsoe's opinion that Haire could only sit for thirty minutes at a time. Indeed, *Powers v. Apfel,* 207 F.3d 431, 436 (7th Cir. 2000), endorses the validity of an ALJ's observations of the claimant ("the hearing officer had an opportunity to observe [the claimant] for an extended period of time and could gauge whether her demeanor, behavior, attitude and other characteristics suggested frankness and honesty and were consistent with the general bearing of someone who is experiencing severe pain"). Contrary to Haire's argument, substantial evidence supported the ALJ's decision to give Dr. Bledsoe's opinion no weight, and the ALJ minimally articulated her reasons for discounting Haire's treating physician. See *Elder v. Astrue,* 529 F.3d 408, 415 (7th Cir. 2008).

Haire also asserts that the ALJ erroneously discounted Dr. Nicholas' opinion. Dr. Nicholas explained in a March 9, 2012, letter that "It is my opinion after discussing Mr. Haire's work history in detail with him, that his psychiatric disorders have greatly limited his ability to function fairly at any job requiring concentration and focus, including those that require minimal expectations of persistence and concentration."[1] [Filing No. 14-12, at ECF p. 3.] The ALJ gave this opinion no weight, reasoning that the opinion failed to discuss Haire's substance abuse, Haire's non-compliance with medication, Haire's mental health treatment, and the opinion was inconsistent with the record. The ALJ expressly pointed to evidence in the record from Haire's consultative examination and Haire's reported ability to function independently. The ALJ sufficiently articulated several reasons to support giving Dr. Nicholas' opinion no weight. Dr. Nicholas' medical reports revealed that Haire abused drugs during the disability period and struggled to comply with his medication. [Filing No. 14-12, at ECF p. 5, 8, 19, 32.] Moreover, Dr. Nicholas' opinion that Haire was unable to perform any work was inconsistent with the record, where Dr. Nicholas' medical reports showed that Haire consistently had good immediate, recent, and remote memory, average intellectual functioning, good attention and concentration, and good to fair judgment.[2] [Filing No. 14-8, at ECF p. 89, 92; Filing No. 14-12, at ECF p. 6, 10, 63, 67, 71, 75, 80.] Thus, remand is not appropriate.

---

[1] Haire argues that Dr. Nicholas' opinion is well supported. However, this letter provides no evidence to support Dr. Nicholas' conclusion. Instead, it relies entirely on a discussion with Haire about his work history. [Filing No. 14-12, at ECF p. 3.]

[2] Relatedly, Haire also argues that the ALJ's decision to limit Haire to no more than occasional contact with co-workers and supervisors is inconsistent with the state agency examiners' recommendations that Haire have at least superficial contact with co-workers and supervisors. The state agency examiner indicated that Haire "can relate on at least a superficial basis on an ongoing basis with co-workers and supervisors." [Filing No. 14-8, at ECF p. 110.] On review, it does not appear that the ALJ's limitation is inconsistent with the state agency examiner's opinion that Haire can have superficial interaction with co-workers and supervisors on an ongoing basis.

### C. Credibility determination

Haire also takes issue with the ALJ's credibility determination for three reasons. First, the ALJ ignored evidence of Haire's inability to keep a job. Second, the ALJ failed to adequately consider the severity of Haire's left hip impairment. Third, the ALJ erroneously discredited Haire's hand limitations by stating that there was no objective evidence to support this statement.

Haire is correct that the ALJ failed to adequately discuss Haire's work history. The ALJ merely noted that Haire's work activity during the disability period did not meet the level required to be considered substantial gainful activity. This characterization largely ignores evidence of Haire's difficulty in maintaining employment. [Filing No. 14-2, at ECF p. 16.] Treatment records from Dr. Nicholas reveal that Haire lost over thirty jobs due to his inability to concentrate and finish tasks on time. [Filing No. 14-12, at ECF p. 4.] Although, the ALJ should have considered evidence of Haire's difficulty in maintaining employment, the ALJ's credibility determination was not patently wrong because she considered several other Social Security Ruling 96-7p factors in her credibility determination, including Haire's testimony, Haire's mother's third-party report, Haire's daily activities, observations at the hearing, and the objective medical records. [Filing No. 14-2, at ECF p. 19-23.] While an ALJ should strive to be thorough in her credibility determination, an ALJ's decision need not mention every factor under Social Security Ruling 96-7p in order to be affirmed. The ALJ's credibility determination need only include a reasoned and supported explanation. *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008).

Haire also argues that the ALJ mischaracterized Haire's left hip pain in assessing his credibility. The ALJ noted that there was evidence of osteoarthritis in Haire's left hip, and she

7

characterized Harie's osteoarthritis as very mild. [Filing No. 14-2, at ECF p. 21.] However, this was incorrect. Medical reports show that Haire's left hip had moderately severe loss of joint space along the weight-bearing portion with some mild lipping and sclerosis. [Filing No. 14-10, at ECF p. 68.] Even so, the ALJ's failure to adequately characterize Haire's left hip does not warrant remand. The ALJ discounted Haire's left hip pain because medical records consistently noted that Haire exhibited a normal gait, had good hip flexion, good posture, and was able to tandem walk without difficulty. [Filing No. 14-7, at ECF p. 17; Filing No. 14-8, at ECF p. 129; Filing No. 14-10, at ECF p. 109.] Medical reports also showed that, despite evidence of moderately severe loss of joint space, Haire maintained a normal range of motion in his hip joints and knee joints. [Filing No. 14-8, at ECF p.63; Filing No. 14-10, at ECF p. 87.] Thus, substantial evidence still supported the ALJ's credibility determination even with this error, and remand is not appropriate.

As the Commissioner admitted at oral argument, the ALJ's discussion of Haire's hand limitations is far from perfect. The ALJ acknowledged that Haire had wrist surgery to repair a fracture and noted that Haire reported that he was unable to use his hands to hold up a phone or turn a door knob for a year. The ALJ dismissed Haire's statements, finding that no documented medical evidence supported his allegation. However, this conclusion ignores evidence that Haire's wrists were swollen with a slightly decreased hand grip, his wrists had possible arthritis, and a ligament tear may have been present. [Filing No. 14-8, at ECF p. 70; Filing No. 14-10, at ECF p. 83, 85, 87.].

Despite Haire's reported hand limitations, Haire lived alone. At oral argument the undersigned questioned how someone unable to turn a doorknob could live by himself. Candidly, Plaintiff's counsel replied "I don't know." While evidence indicated that Haire had

wrist limitations, the ALJ noted that Haire's fine finger skills, gross hand examination, and grip strength were generally normal. [Filing No. 14-2, at ECF p. 21; Filing No. 14-11, at ECF p. 27-30.] Moreover, corticosteroid injection shots provided him relief. [Filing No. 14-11, at ECF p. 27.] The record also reported full range of motion in Haire's wrist, and only a slight decreased hand grip in 2010. [Filing No. 14-8, at ECF p. 70; Filing No. 14-10, at ECF p. 83; Filing No. 14-11, at ECF p. 27.] Haire testified he drove twice a week, was able to use his phone, and was able to take care of his own personal needs.[3] [Filing No. 14-2, at ECF p. 53, 61.] The ALJ also observed no wrist limitations at the video hearing.[4] Haire could write, put a pen in his packet, and used his hand to push his chair in at the hearing. [Filing No. 14-2, at ECF p. 20.]

While the ALJ's discussion of Haire's hand limitations was not without error, remand is not appropriate. Substantial evidence supports the ALJ's conclusion that Haire's alleged hand limitations were not fully credible so as to warrant additional limitations in the RFC determination. So long as an ALJ gave specific reasons supported by the record, the Court will not overturn the ALJ's credibility determination unless it was patently wrong. *Curvin v. Colvin, No. 13-3622, 2015 WL 542847, at *4, --- F.3d ---- (7th Cir. Feb. 11, 2015)*. Here, the ALJ gave specific reasons for her finding. Despite error, the Court sees no reason to disturb a finding that is supported by evidence in the record.

---

[3] Haire testified that he was unable to do the laundry, cook, and care for his dog. However, he indicated that these limitations were primarily due to his mental limitations. [Filing No. 14-2, at ECF p. 62.]

[4] The Commissioner conceded at oral argument that the ALJ's observations may be more limited in a video hearing than an in-person hearing. However, the Commissioner noted any limitations in the ALJ's observations would be in reading facial expressions. Observing the claimant's demeanor and behavior via video would not be limited so as to affect the credibility determination. *Sim v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006) ("Credibility determinations can rarely be disturbed by a reviewing court, lacking as it does the opportunity to observe the claimant testifying.").

9

## IV. Conclusion

The Commissioner's decision is affirmed and Plaintiff's brief in support of appeal [Filing No. 24.] is denied.

Date: 2/20/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Timothy E. Burns
KELLER & KELLER
timb@2keller.com

James B. Geren
OFFICE OF GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION
james.geren@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov